UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>DAPHNE ROSALIND JACKSON,<br><br>              Defendant. | Criminal No.  08-CR-256-L (4)<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

On September 10, 2010, Petitioner Daphne Rosalind Jackson ("Petitioner"), proceeding *pro se*, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon Amendment 706 to the Federal Sentencing Guidelines pertaining to crack cocaine offenses. For the reasons set forth below, the Court **DENIES** Petitioner's motion without prejudice.

On January 6, 2009, Petitioner was sentenced to a mandatory minimum sentence of 120 months for Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner is ineligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2) for two reasons. First, Amendment 706 was already in place at the time Petitioner was sentenced. Amendment 706 became effective on November 1, 2007 and was made retroactive on March 3, 2008. *Dillon v. United States*, 130 S.Ct. 2683, 2688 (2010).  Therefore Petitioner's sentence was not "based on a sentencing range that has *subsequently* been lowered by the Sentencing

Commission," as required by § 3582(c)(2).  18 U.S.C. § 3582(c)(2) (emphasis added).

Second, since Petitioner was subject to a statutory mandatory minimum sentence, she is ineligible for a sentencing reduction under Amendment 706.  *See United States v. Paulk*, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of sentence under Amendment 706); U.S.S.G. § 1B1.10 app. note 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment.").

The Court notes that on August 3, 2010, the Fair Sentencing Act of 2010 was signed into law and decreases the criminal penalties for certain crack cocaine offenses.  Because Petitioner's motion is based solely on Amendment 706, the Court declines to address whether the Fair Sentencing Act retroactively applies to Petitioner's conviction or whether the Act justifies a reduction in her sentence.  However, the Court will deny Petitioner's motion without prejudice, meaning that if the Fair Sentencing Act is made retroactive, Petitioner will not be estopped from seeking a sentence reduction, if applicable to her case.

Accordingly, Petitioner's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED:  September 22, 2010

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE

2